No. 9740.

GODDARD v. STOCKTON.

EVIDENCE—*Burden of Proof.* The burden of proof is upon defendant to establish his affirmative defense contentions by a fair preponderance of the evidence.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

Mr. JOHN T. JACOBS and Mr. J. H. BURKHARDT, for plaintiff in error.

Mr. CARLE WHITEHEAD and Mr. ALBERT VOGL, for defendant in error.

*Department One.*

Mr. Justice Burke delivered the opinion of the court.

THIS action was brought by defendant in error against plaintiff in error to recover the sum of $700.00 as purchase price of an automobile, and $100.00 borrowed money, together with interest thereon. The parties are hereinafter designated as in the court below.

The allegations of the complaint are admitted and defendant alleges payment of the amount sued on by the transfer and delivery of certain stock of the Farm Machinery Company, at $1.50 per share. He further alleges a transfer of such additional amount of stock as makes plaintiff indebted to him therefor in the sum of $19,875.00, for which he asks judgment. All new matter contained in the answer and cross complaint is denied by the replication. The cause came on for trial by agreement before the court without a jury. At the close of defendant's evidence plaintiff's motion for a non-suit on defendant's counter claim was sustained by the court, and judgment entered in favor of plaintiff on his complaint and defendant's admissions, in the sum of $831.00 and costs. To review this judgment defendant sued out a writ of error, and the cause is now before us on his application for supersedeas.

It appears from the evidence that certain of the stock of the Farm Machinery Company, a corporation, had been

issued to various individuals.   It was the contention of the defendant that this stock was issued out of a block of stock of said corporation belonging to him and delivered at the instance and request of the plaintiff.   The burden of proof was on defendant to so establish by a fair preponderance of the evidence.   The record discloses that these disputed stock transactions were all in process of litigation in another action then pending, and the motion for non-suit was sustained without prejudice.   The trial court found that the evidence introduced on behalf of defendant was so hazy, indefinite and unsatisfactory as to be entirely insufficient to justify a judgment in favor of defendant.   We have examined the whole of this record with great care and find no reason to disagree with that conclusion.   The supersedeas is denied and the judgment affirmed.

Garrigues, C. J. and Denison, J. concur.